ALBERT F. ENGLES ET AL., APPELLANTS, V. DRAINAGE DISTRICT NO. 1 OF RICHARDSON COUNTY ET AL., APPELLEES.

8 N. W. (2d) 166

FILED FEBRUARY 26, 1943.   No. 31500.

*Lee Kelligar*, for appellants.

*Archibald J. Weaver* and *Joseph C. Reavis*, contra.

Heard before SIMMONS, C. J., ROSE, EBERLY, PAINE, CARTER, MESSMORE and YEAGER, JJ.

PAINE, J.

This is an appeal by Albert F. Engles and wife from the judgment of the trial court overruling their objections to a special assessment ordered levied against their lands by Drainage District No. 1 of Richardson county.

The appellants allege that the judgment entered is contrary to the law and the evidence, and also charge that certain rulings on the admission of evidence were erroneous.

Litigation over the affairs of this same district has appeared in this court on several occasions. An opinion was released June 12, 1925, and is entitled *Richardson County v. Drainage District No. 1*, 113 Neb. 662, 204 N. W. 376. The specific thing then in controversy was the fourth supplemental assessment for the improvement of Drainage District No. 1, established under the drainage act, sections 1744-1812, Comp. St. 1922, the county being assessed $2,-396.61 for its roads lying within said district. It was held that collection of assessments might be enjoined if proceedings are void, but if not void an adequate remedy exists in

*quo warranto* or other law action. This decision held that the trial court was right in holding against the county and refusing it an injunction, and affirmed on this point, but also held the decision was wrong in holding that the lands of certain interveners were not subject to the fourth assessment and enjoining the district from attempting to collect it.

The next appearance was in *Mooney v. Drainage District,* 126 Neb. 219, 252 N. W. 910. This opinion was released February 21, 1934. It was an action by Mooney to compel the district to increase the carrying capacity of the large drainage ditch at the outlet. The decree of the district court was affirmed as modified. It held that sections 31-401 *et seq.,* Comp. St. 1929, were constitutional; refused to consider the constitutionality of section 31-456, as it was not necessary to the opinion. In the sixth paragraph of the syllabus it held that the enlargement of the outlet of defendant's drainage system is an improvement and a repair within the terms of section 31-463, Comp. St. 1929, and the district may finance same by an assessment on the basis of the original assessment of the property in the district.

The case of *Mooney v. Drainage District,* 134 Neb. 192, 278 N. W. 368, released March 4, 1938, was a suit in equity to prevent this drainage district from dissolving under an amendment made by the legislature to section 31-463, Comp. St. 1929, as shown by chapter 74, Laws 1935, and this court held: "An amendatory or repealing legislative act may release penalties imposed for the protection or benefit of the state under a former statute, but private property rights acquired under a statute and established by the valid judgment of a court are not subject to legislative invasion by means of a new statute."

The effect of this decision of our court was to restrain the district from dissolving until it had discharged its obligation under the judgment of this court requiring it to increase the capacity of its outlet to 20,000 cubic feet per second.

In conformity with the judgment of this court, the plead-

ings herein show that a transcript of proceedings of the board of supervisors of Drainage District No. 1 of Richardson county, in connection with the levy of the eleventh supplemental assessment, was filed in the office of the clerk of the district court, reciting that at a meeting of said board held on June 30, 1941, a resolution was introduced, ordering and levying upon all of the lands, lots and property in said district sufficient to raise the sum of $54,861.80, which is equivalent to $2 an acre for 100 per cent. benefit lands, and on other lands of a lesser percentage of benefit, the funds to be derived from said assessment to be used for the purpose of enlarging the carrying capacity of the district, in compliance with an order of the supreme court to enlarge the required carrying capacity of the outlet from 11,500 cubic feet per second to 20,000 cubic feet per second, said enlarged carrying capacity of said outlet being made necessary solely by reason of the increased flow of water from the eight drainage districts on the Nemaha river watershed lying above the drainage channels of this drainage district. A copy of the published notice to landowners is set forth in the transcript of proceedings, stating that the board of supervisors of Drainage District No. 1 would meet on August 13, 1941, to hear all objections that might be filed.

On August 13, 1941, Albert F. Engles and Beatrice R. Engles, the appellants herein, filed objections to the eleventh supplemental assessment for the following reasons, which may be condensed as follows: That the proposed assessment and any levy made thereunder are null and void as to the objectors for the reason that at the time of the formation of the district the objectors and landowners had no notice of the alleged benefits assessed and found to be accruing to their lands; that any proposed assessment and levy of special tax are null and void, as said lands will receive no benefit from the proposed improvement; that, by the notice published, said proposed assessment is for the purpose of paying cost of construction for a new outlet at the lower end, the necessity for which is caused by taking on eight other drainage districts to the system of which ob-

jectors' land is a part, all of which was done without the knowledge, consent or acquiescence of objectors; because said proposed construction, and the assessment therefor and subsequent proposed levy, does not benefit any of the land owned by objectors.

Objection is made for the further reason that there has been no maintenance upon the drainage ditch running through the lands owned by objectors for more than two years, but said ditch has been allowed to deteriorate, and has caused a flood hazard, to the damage of the objectors; that said proposed assessment and levy are to be made without taking into consideration what, if any, benefits accrue to the land owned by objectors; that objectors were not parties to any suit, either in the district court for Richardson county or in the supreme court, wherein an order and judgment were entered forcing objectors to contribute any sum of money to enlarge the opening of the outlet and enlarge the same at the lower end of said drainage district for the benefit of the eight other drainage districts which emptied into the system so formed by Drainage District No. 1. Objectors ask that their land be released from the assessment and levy of any proposed tax for the construction of any ditch or improvement within said district.

On November 13, 1941, a petition to intervene was filed by James P. Mooney, for himself and all others similarly situated, in which he alleged that he was the owner of a large body of real estate in the lower Nemaha valley, all of which real estate is in Drainage District No. 1, and which real estate, along with other real estate similarly situated, was the subject-matter of numerous lawsuits in the district court for Richardson county and in the supreme court; that in case No. 30049, *Mooney v. Drainage District,* 134 Neb. 192, 278 N. W. 368, the supreme court held: "Landowners *held* to have acquired vested property rights by payment of legal assessments on their lands by a public drainage district for drainage proving to be ineffective because the district failed to comply with the valid judgment of a court ordering it to enlarge the outlet to the drainage system."

Intervener alleges that the purpose of the objectors is to get around the decision of the supreme court requiring said district to improve the outlet as aforesaid, and should objectors prevail in said cause the vested rights of the intervener and all others similarly situated would be destroyed and they would suffer irreparable harm and injury.

Intervener further alleges that he has paid drainage taxes to said drainage district for over 30 years, and that said drainage district has been in operation since its organization and has never been dissolved, and that said objectors are now estopped from any objection to the assessments in order to carry out the order and commands of the supreme court.

The trial court, after a hearing, granted leave to petitioner to intervene. A jury was waived by all parties, and trial had.

After the submission of briefs and oral arguments, the trial court found generally in favor of Drainage District and Mooney, the intervener, and that the eleventh supplemental assessment of the drainage district was duly and properly assessed; appellants were estopped from questioning the validity of the action of the drainage board in finding and assessing the total benefit to accrue from the construction of the drain and work of said district, and that the action of the board of supervisors of Drainage District No. 1 in overruling the objections of appellants to the eleventh supplemental assessment of said district should be affirmed.

The appellants insist that any proposed special assessment and levy against the land of the appellants are null and void for the reason that their lands will receive no benefit from the proposed improvement, although an objection was sustained by the court after the answer was given and no motion to strike was made. Further, that under the notice published the assessment and levy will be void.

Albert F. Engles, appellant, testified that the land he owns is located two miles east of Dawson, and is about 24 miles from the improved outlet which is to be constructed

with the funds raised from this assessment; that he bought this land between 1916 and 1920, and that he knew when he acquired it that it was under this drainage district. The evidence discloses that he and his predecessors in interest have paid all of the assessments levied against his land prior to this eleventh assessment without objection.

The records of this drainage district are all public records, and before appellant Engles purchased his land in 1916 an examination of these records would have disclosed that his land had been assessed at $40 an acre as total benefits. In March, 1909, landowners acknowledged receipt of notice of pendency of supplemental assessment, and that a hearing would be had on all objections May 1, 1909, as shown by the many exhibits in the bill of exceptions. No objections were then made by the former owners of the lands now owned by appellants.

This actual written notice and service on the predecessors in title of the appellants' lands shows on its face the amount of total benefits assessed against this land, and is a legal and sufficient notice. It is now too late, after 33 years, for the appellants to make complaint, when all preceding assessments upon these lands have been paid without question.

Having accepted the benefits of this drainage ditch all these years, the appellants are now estopped to question an order fixing the total benefits, inasmuch as the sum total, including the present eleventh special assessment, does not exceed the total benefits adjudicated years ago. See *Baker v. Logan*, 98 Neb. 795, 154 N. W. 535; 19 Am. Jur. 682, sec. 64.

We have given full consideration to all the contentions of the appellants, and see no merit in any of them. Therefore, considering all of the prior decisions in relation to this district, and the positive instructions given by this court to this district on February 21, 1934, "to enlarge the outlet of its drainage system between bridge 64 to the Missouri river to a minimum carrying capacity of 20,000 cubic feet per second" (*Mooney v. Drainage District*, 126 Neb.

219, 252 N. W. 910), we are of the opinion that the trial court was right, and its judgment is hereby

AFFIRMED.

Rose and Eberly, JJ., not participating.